## MAYER v. STATE OF INDIANA.

[No. 25,012.    Filed May 12, 1926.]

HOMICIDE.—*Evidence held insufficient to sustain conviction of assault with intent to murder.*—Evidence *held* insufficient to sustain a conviction of assault with intent to murder, the intent not being shown.

From Elkhart Superior Court; *William B. Hile,* Judge.

Asa Mayer was convicted of assault with intent to murder, and he appeals. *Reversed.*

*Warren Berkey, Ruskin B. Phillips, Ernest A. Skinner* and *Harman & Jay,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

EWBANK, C. J.—Appellant was the defendant below. He was charged by affidavit with having unlawfully and feloniously attempted to commit a violent injury upon the person of Glenn P. Banks, he having the pres-

Mayer v. State—197 Ind. 622.

ent ability so to do, by unlawfully, feloniously, purposely and with premeditated malice attempting to strike the said Glenn P. Banks with a certain steel rod which defendant had and held in his hand with intent thereby unlawfully, feloniously, purposely and with premeditated malice to kill and murder the said Glenn P. Banks. The jury found him guilty as charged, and he was sentenced to imprisonment in the state prison for not less than two nor more than fourteen years, and to pay a fine of ten dollars. His motion for a new trial for the reason, among others, that the verdict is not sustained by sufficient evidence, was overruled and defendant excepted, and has assigned that ruling as error.

Glenn P. Banks was the only witness who testified on behalf of the state, and defendant was the only person permitted to testify to any facts as a witness for the defense. The evidence which most strongly tends to sustain the verdict was as follows: Glenn P. Banks was a deputy sheriff. He lived in Elkhart, and was acquainted with defendant and his wife. On February 9, 1925, he was at the sheriff's office in the city of Goshen, eight or ten miles from Elkhart, when the sheriff got a call from some place in or near Elkhart and directed him to go out there. He drove out in an automobile to the home of a Mr. West, on the Lincoln highway at the edge of Elkhart, and heard somebody pounding on the back door. He went around there and found defendant's wife, who continued pounding on the door and said she was going to get into that house. He told her if she did not leave the place, he "would arrest her and take her down," and she told him to get away from her, saying she would scratch his eyes out. He slapped her so hard that she fell off the porch, two feet and a half high, and lay there on her back unconscious, and he put a handcuff on her right hand. While he was doing that, he heard something and turned around,

and defendant was about thirty-five feet away, coming toward him, and had his right hand in his hip pocket. The deputy sheriff drew a gun from his left-hand pocket and put it in his right hand, when defendant came up to him and said "I am a small man but I can put you out." And drawing from his pocket a rod of steel or iron, when he was about four feet from the deputy sheriff, he "swung this iron at" the deputy sheriff, who testified that he was not afraid of what defendant would do, but that he jumped back, and with his left hand knocked defendant down, so that he lay apparently unconscious, and dropped the iron. The deputy sheriff then took defendant over and handcuffed him by his left hand to his wife's right hand. The deputy sheriff did not have a warrant for the arrest of defendant or his wife, and testified that neither of them was intoxicated at the time he struck them and put handcuffs on them, and there was no evidence to the effect that he had told either of them they were under arrest before he struck them, or that either of them had committed or was committing a misdemeanor when the wife was knocked down, though the deputy sheriff testified that he had been told "she was on the warpath," and "had been over to West's," and "had been yelling," and there were some intimations that, in the past, defendant and his wife had caused a disturbance in the neighborhood, and that defendant had once been convicted of a misdemeanor.

This evidence falls short of sustaining the verdict finding defendant guilty of the offense with which he was charged, of committing an assault with intent to murder. The steel rod or "iron" which appellant drew from his hip pocket and "swung at" the prosecuting witness, but continued to hold in his hand until he was knocked down, was exhibited to the jury, but was not described otherwise than as stated

above, and there was no evidence indicating that it was such a weapon as would probably cause death by being used in the manner stated, nor otherwise tending to prove that defendant intended to murder the deputy sheriff. If any facts existed which justified the act of the deputy sheriff in striking the wife a blow which caused her to fall off the edge of a porch two feet and a half high and lie unconscious, or justified him in striking her husband a blow which rendered him unconscious when he came to her assistance, there certainly is nothing in his testimony that tends to prove such justification. *Plummer* v. *State* (1893), 135 Ind. 308, 34 N. E. 968. And if the defendant did attempt to kill the deputy sheriff with a steel rod or "iron" that he held in his hand, as the affidavit charged and the jury found, that fact was not proved nor were facts proved which will support an inference that he made any such attempt. On the contrary, the evidence tends to prove only that defendant, under circumstances of provocation, committed a simple assault and nothing more. The verdict finding him guilty of attempted murder is not sustained by sufficient evidence.

The judgment is reversed, with directions to sustain the motion for a new trial.